### UNITED STATES BANKRUPTCY COURT
### NORTHERN DISTRICT OF FLORIDA
### PENSACOLA DIVISION

IN RE:                                        CASE NO.: 19-30082-KKS
                                              CHAPTER 13
MARTIN JAMES DEKOM, SR.

_____Debtor_____/

### CHAPTER 13 TRUSTEE'S
### OBJECTION(S) TO CONFIRMATION OF
### CHAPTER 13 PLAN (DOC. 2)

**COMES NOW**, LEIGH D. HART, Chapter 13 Trustee, by and through her

undersigned attorneys, and hereby objects to confirmation of Debtor(s)' Chapter 13

Plan (Doc. 2) for the following reasons:

1.      The Plan base is not sufficient to pay all filed and scheduled claims.

2.      The Plan fails to address the secured Proof of Claim filed by Nationstar

Mortgage, LLC d/b/a Mr. Cooper in the amount of $544,411.15 with a pre-petition

mortgage arrearage of $200,783.15.  The Trustee acknowledges that the Debtor(s)

intends to sell the home referenced in the Proof of Claim and dedicates the proceeds

to the Plan as a lump sum payment in month sixty (60).  The Trustee objects to this

provision, as the Debtor(s) fails to meet liquidation without the submission of said

proceeds.  Further, the Trustee has not been provided with documentation to verify

that the Debtor(s) is actively marketing the property.

3.     The Trustee objects to the following expense categories and accompanying excess expense amounts as exceeding the amount allowable on Form 122C-1 for either an above-median debtor, or as being reasonable and/or necessary for a Schedule "I" and Schedule "J" debtor.  The Trustee's objections may be rendered moot if the Debtor(s)' Plan is amended to pay all allowable unsecured claims in full:

Utilities - $262.00, which is the amount the expense appears to be overstated, as the Trustee has not been provided with documentation to verify an average monthly expense of $562.00.

4.     The Debtor(s) previously filed Case No. 18-75602 on August 20, 2018, and the Court entered an Order Dismissing Case on November 14, 2018.

5.     The Trustee reserves her right to further object to the Debtor(s)' income and expenses until after the time for filing claims has expired in order to determine the true and accurate distribution to the unsecured creditors, as well as whether or not the Debtor(s) meets the liquidation test.

**RESPECTFULLY SUBMITTED**.

/s/Leigh D. Hart or
/s/William J. Miller, Jr._____
  OFFICE OF CHAPTER 13 TRUSTEE
  POST OFFICE BOX 646
  TALLAHASSEE, FL 32302
  ldhecf@earthlink.net
  (850) 681-2734 "Telephone"
  (850) 681-3920 "Facsimile"

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that a true and accurate copy of the foregoing has

been furnished by the court's current CM/ECF notice of electronic filing or first

class mail to:

MARTIN JAMES DEKOM, SR.
9050 SUNSET DR.
NAVARRE, FL 32566

AMY LOGAN SLIVA, ESQUIRE
313 W. GREGORY ST.
PENSACOLA, FL 32502

on the same date as reflected on the Court's docket as the electronic filing date for

this document.

/s/Leigh D. Hart or
/s/William J. Miller, Jr._____
  OFFICE OF CHAPTER 13 TRUSTEE

March 1, 2019